Good afternoon. For the appellant, we have Per Olson. And for the appellee, Gary Sussman. Is that right? Mr. Olson, please proceed. We have this case set for ten minutes for each side. So if you'd like to make a rebuttal argument, stop while there's still some time on that clock in front of you. You want to keep your voice up and pull that microphone towards you, please. What is the mandate in this case? I'm sorry? What is the mandate? What set of words and where are they and how do we know what the mandate is? In this case, the mandate itself is a part of the mandate. I think the mandate seems to be correct. The line at the bottom of an opinion, is that what we put? There is a definition of mandate in the federal rules, and it's completely different. But there seems to be something that's being talked about in this rule of mandate case, isn't it? Trying to get a handle on what it is exactly. Did you did you cite that in your brief? I did. Whereas the law of the case is often referred to as discretionary. So if you look at the case very closely, those labels don't really hold up. We actually were to look at the cases. The law of the case doctrine is talked about in terms of, well, this is a good authority, a mandatory form of court discretionary thing. But what the case is saying is that you would use your discretion if you go outside the law of the case, unless one of these five assumptions are met. And in cases where you tell a court this. Let me, why don't you go back to that initial argument. Why should the exceptions to law of case apply to the law of the mandate if the law mandate is jurisdictional? In jurisdiction, there's no such thing as being half pregnant or full pregnant. I mean, you either have jurisdiction or don't. Right. When we've we've said on many occasions, authority and that authority usually means jurisdictional. Why wouldn't we consider the mandate jurisdictional issues? Because it is how much power we've given to the district court to act. Well, I think the Kellington case itself, I think, uses the word jurisdictional. It also says that the mandate is flexible. Well, Kellington is really, I mean, Kellington is really a different question. Kellington is saying how do we know what the mandate really was, given the fact that there was a limited issue before the court, and although there's a broad statement in that tagline sentence, it has to be read in conjunction with what the issue was before the court. But here, unlike in Kellington, you can say whether you agree with this. I gather from your briefs that perhaps you don't. But at least on one reading, the exact issue that you would try to relitigate because there were new facts was decided here on let's assume for now on a different set of facts, but the facts that existed at the time. So if – but in Kellington, that wasn't the problem. The problem wasn't that there was something that was decided. It was that there was something that wasn't decided, and did the court mean to encompass it or not. But our Planned Parenthood case specifically dealt with that problem. And the reason I'm asking that is because I don't think that the case itself was a case of a couple of patents that had been decided and the mandate was that they had to be litigated. So it was not simply a rule of mandate, but trying to write a fully conditional mandate. So I – another question is whether the law of the case and the rule of mandate are the same, whether one is horizontal and the other is vertical, meaning that the rule of mandate is a rule that doesn't apply to us with respect to our own mandate. It applies to the district court with respect to ours. It's a hierarchical rule. And if that's the case, why should they have the same exceptions or the same scope? Well, Your Honor, I think it's just in recognition of the fact that in situations we run, that the parties don't necessarily have control over it. And, you know, I think certainly the case is the same in the cases that say there are exceptions. They say there's a little more ability to exercise court of caution. And you really should be careful about not disrupting the higher court's ruling. But then they go on to say in some of these cases, the ability to develop court of caution is not as great when you consider some mandates and some of that. So it can be true. See, it can't be true that the district court has discretion whether to follow the rule of mandate or not. We have discretion. I mean, the law of the case is ultimately a discretionary doctrine. But in its rule of mandate guise, that can't be true, right? So it has to, at least to that degree, be a stricter rule. Well, my view is that it's the same as the law of the case. The doctrine is that you don't have discretion to follow the rule of mandate unless there is one of these exceptions that applies. And based on, well, some are actually really critical since we don't have enough time, but based on the way of the court, there's sort of a stamp from the district court. Thank you, sir. Okay. Mr. Sussman.  Thank you. In the last appeal, this court re-managed the district court. It got the evidentiary hearing on a single point, disputed the mandate of the district court. Ms. Starlet told the defendant's trial lawyer, Thomas Stork, that she would testify unfavorably toward the defendant, or whether he simply sent her away. But in the case of the district court, the district court got the hearing, and based largely on credibility determinations, decided against the defendant. The finding of that, Ms. Starlet didn't then tell Thomas Stork that she would testify unfavorably. The defendant does not challenge that finding in this case. The defendant changes the district court's decision not to revisit an issue that had already been decided by this court in the last appeal, and that was whether John Stork would provide an indefinite assistance to counsel by mentioning or indisclosing it. Well, this is – I mean, it's not obvious, because, first of all, the actual – if what we're calling the mandate is the official direction at the end of the opinion, it certainly is not clear. Right? It says a mandate in part, vacated part, and re-mandated for an evidentiary  That's all it says. All right. So do we agree at least that on the questions that we've been presenting to you, the more abstract questions, that the mandate has to be read against the opinion and it can't simply be read in the – Absolutely. All right. And that goes in both directions. I mean, there may be instances in which something that appears to be clear isn't so clear once you read the opinion. All right. All right. So then we have the statement that says, Now, if that were the end of this opinion, if there had been no further issue about the investigation claim, wouldn't it appear that that investigation claim would come within that rubric? In other words, these are very closely interrelated questions.   I mean, I don't think there's a clear answer to the question of whether he shouldn't have made this representation and then not called her, which could have been fixed either by not making the representation or not calling her. So, therefore, a directive to have a hearing on to the extent the Petitioner raises claims based on Storkville's vitriol decision not to call her would certainly seem to encompass the question of whether he shouldn't have made the representation if he wasn't going to call her. However, there's more in the opinion. I mean, up to that point, do you agree? I mean, what if there had been nothing else that happened? What if that were the end of the original opinion? Right. So it's not the mandate that's bothering you then. It's not either that statement, that is, we vacate the district court order or the final line. It's really a law-of-the-case consideration, i.e., we then went on and decided something specifically on this question. Absolutely. All right. So what we're dealing with here is a law-of-the-case problem, not a rule-of-mandate problem? Or they're all the same? I think that the analysis ends up being the same. I understand that in the case, you thought the analysis would be different in certain circumstances. However, perhaps in this case, in the procedural posture of this case and the opinion that issued the last time, in this case, the bottom line analysis is the same, whether you analyze it from the law of the case or the rule of mandate. Well, why don't you lose then, at least, I mean, not necessarily on the merits, but at least as to the question of whether the issue should have been considered, because there is a new evidence exception to the law of the case. And here there was at least some new evidence. Whether it mattered or not is something for the judge to decide, but why shouldn't he have decided it? Well, because the district court, in this case, essentially re-characterized a claim already decided by this Court. This Court in this last case. Yeah, but there's a next one. If you look at it that way, there is a new evidence exception to the law of the case. But this is a newly discovered evidence. This was evidence that was in the defendant's possession after trial but before the sentence. That appears in the counsel's own affidavit to the district court. The knowledge of receiving the ATF report was used. Well, it was in the possession of the defendant's counsel who was accusing of ineffective assistance. No. This is counsel. This is her counsel who says in his affidavit to the district court that we can support a motion for reconsideration. He says that he received the ATF report as a product of the file received previously before us after trial but before the sentence. Now, he did not break that. So basically, you would suggest that we decide this on the very narrow ground that the law of the case applies here, but there's no applicable exception because it was not new evidence. Is that really what you're saying? No. Well, that's part of it. See, it goes beyond that. Okay, what it is is at its core, the defendant is described to the district court in the affidavit. He says that he was hurt. His claim is, here I'm quoting, at its core, the defendant claims that the trial counsel failed to perform an effective investigation before trial and miscarred the sentence. Now, he's saying now that it still holds that on notice or should have been on notice, the judge may scrub it, would not have testified against Mr. Clark in anticipation of the trial. That is, that is core. The defendant himself acknowledges APLU to investigate him. What is it? And it's not that. You didn't check him out well enough before you mentioned it in your opening statement. Well, that's right. But if it's a law of the case problem, there would be an exception for new evidence. So the only way we could decide this case on this issue would be to say that there was no new evidence. Not necessarily. But you can also affirm the district court's decision, the district court's claim, that the APLU report didn't make a difference in the final judgment. Well, that's the merits. But that's the merits. That's right. Let me ask you a question, if I could. Are you taking the position that the rule of mandate is a jurisdictional aspect? I am. The rule of mandate is not. Just yes is fine. That's fine. Let me go on to my next question. Ordinarily, if there's a jurisdictional question, we're directed by the Supreme Court to address that first. So by that, we'd have to address it first before we got to the rule of mandate or the rule of the case, law of the case. And if you're right, then we would never get to the law of the case if you're right on the rule of mandate. Right? That's correct. Now, the way that counsel gets by the rule of mandate is by saying the exceptions in the law of the case are also exceptions to the rule of mandate, which we haven't held yet. That's his argument. Your response to that is what? My response to that is because the court has suggested that it's jurisdictional, there can't be no exceptions. As you pointed out earlier during counsel's argument, if this Court issues a limited mandate to the district court to do one thing, in this case it's a hold an evidentiary hearing on one faction of the dispute, the district court simply is not free to do that. I'm really baffled. It is free to what? You seem to be saying exactly the opposite of what you said before. Could you let me finish? It isn't free to what? I didn't get the rest of the sentence. It is free to reopen and reconsider issues already decided on and appealed by the district court. What difference would it make whether we've decided them or not if the mandate says do X? What difference does it make whether we've done Y? I don't get your point. Well, in those circumstances, but in this case the mandate isn't. Well, I understand this case is we've decided that, but that isn't the point I'm trying to get you to respond to. Without considering law of the case at all, your position is the rule of mandate disposes of it because it's jurisdictional. Why, in your opinion, do not the exceptions to the law of the case apply in rule of mandate? Because that would create, in essence, a discretionary rule of mandate. And if this court tells the district court to do X, certainly this court is not going to invest in the district court with the discretion to do X or whether to find an exception to X. If X is what this court orders the district court to do, then perhaps the only exception would be an intervening Supreme Court case that would render X illegal. Then the district court is to accept X. This court orders the district court to do X. Who says that intervening Supreme Court case extends our jurisdiction issue? You said except for an intervening Supreme Court case. I don't understand why you say except for. Well, because if the rule of mandate can't be wouldn't be applied, then wouldn't be applied was the term used in the footnote of the accounting case. And if there was an intervening Supreme Court decision that was directly contrary to what was in the mandate, the district court followed it, and the district court would have acted in the same way. Precisely. And they would come up to us and say, they went down. We did exactly what you told us to do. That's all we had jurisdiction to do. Now you solve the intervening case. By what authority do you have that because there's been case law of the Supreme Court, or our court and bank, or a conflict established between panels, that all of a sudden jurisdiction is no longer jurisdiction? I don't understand that. There is no case that holds that. Yeah. It's supposed to become, as the footnote in the accounting word says, it should not be wouldn't be applied to the district court result. It was the dissent in the bad marriage case, not the majority. It was. It shows that smart people can disagree, doesn't it? I'll get you back on track on this one. Go ahead. Let me go back for a minute. I really am confused because I thought when you and I were having a dialogue that we had gotten to the point of agreeing that this really wasn't a rules mandate case because the mandate itself, neither the last line nor the direction to have an evidentiary hearing, really addresses, really precludes this determination. What really precludes it is the fact that the opinion then went on to decide it. And therefore, it's really a laws of case case, not a rule of mandate case. And then when you were talking with Judge Wallace, you seemed to say otherwise. So which is it? Is it a rule of mandate case or is it a laws of case case? This case. I think it's both. I think it's both. If we leave the mandate in the judge's opinion, if it is outside the mandate of this court or the district court, we visit an issue or we decide it. If it's that particular issue, it will be precluded jurisdictionally under the rule of mandate. It also, the law of case document also applies because this specific issue was decided by this specific court, this specific case in the last appeal. The lower court simply does not have the authority to visit an issue or defense it by this court. I don't believe that the exception of client cases does not include this particular evidence. And as the district court correctly found, the ATF report in and of itself does not change this at all. Mr. Stork was well aware of potential problems with Bernina Starling even before she was used to the ATF report. He knew, for example, that she had a prior conviction for injury prosecution in which she lied to attack the defendant. That incident occurred a month and a half after the facts came to light in this case in which she had other prior convictions. He knew the issues of that authenticity and he was specifically concerned that she would change the story of the trial. He took those concerns to the defendant. The defendant insisted that she would not change the story of the trial and he insisted that she be called away from the trial. And it seems to me reasonable disingenuous for the defendant to not turn around and fault Mr. Stork for doing that which the defendant himself insisted that he do when he came Mr. Sussman, we're well over the time allotted initially, but if my colleagues have other questions, we'll go on and we'll then thank you for your argument. And Mr. Olson, we're going to add, we'll add two minutes additional to your time because the questions took your colleague over his time. First of all, to address the question of the CTF report, what do you do for Alaska medium? You tell us the case that you're looking at. You're considering what is the scope of the review. What is the medium? You're looking at the procedural history of the prior case, of the lower case, of the substance of the law and the circumstances of the case. The circumstances in this case would, because it's a section 25 case, we were extremely limited in the sort of discovery that we were getting to. We were not entitled to discovery unless we asked the court for a break. The court allowed us to rebuild provisions and so forth. And we had asked for a break in our motion back in 1909. And we appealed that issue when there was, I don't know if the court actually ruled on that, but the point is we were prohibited from really doing the normal sort of discovery that comes up in a civil case or in a criminal case where facts can be developed. Does the declaration, your declaration show that you or whoever was the post-trial, who did the 2255, had this information in his file? Had the ATF, had the ATF document? We were aware that it was in his file. What we didn't know was when he had received it, because the data report is, it was approved by the supervisor of the agency about seven days before the trial started. So we didn't know when Mr. Stork actually received it. The court ruled that part of the court had dealt with it several different times. And we didn't know that, we didn't know that he did receive the report that Mr. Stork was giving us to talk to us, but to figure out the discrepancy between what she was telling the agent and what she had told the attorney's investigator previously. We didn't know if he had taken those sorts of steps. And therefore, and quite frankly, I was anticipating having the magistrate hearing the first time to get into that. And because I was prohibited from having the magistrate hearing, I didn't have time for the discovery of this one. In any event, we didn't have the kind of record we have, unless we had an additional report. And so the reason I mentioned all of this is that Mr. Stork, for telling me, can look at procedural history reports as well, as far as what the procedure was that he gave us each time around, or wasn't. And I think just what they had decided previously, that this issue about whether you do or shouldn't do it, and the fact that really the court was focusing on the investigation and how to do that. We didn't dispute that. We went back and reviewed it. We hired an investigator. The investigator talked to us about this. The attorney is aware of the prior conviction, and will have decided to go, okay, that's fine. We didn't dispute that kind of fact. But what came up in this report, as we first started the magistrate hearing, was that he had a report before trial, and he didn't ask her about it until after opening statement. And that was really the question that we had here. And also, we learned in the magistrate hearing, the prosecutor asked the question of the defense attorney, why did you go with this witness, knowing that she was going to be so problematic? And he responded, well, you know, she was completely messed with that. And there was a chance that she wouldn't show up anyway. So even going to the opening statement is indifferent. He doesn't know. It just means that she didn't show up. And so that's the concern that we have in this case, where our client is at the time looking at a 19-year sentence for being in a car accident. But the bottom line, your bottom line is that you're arguing either that, you know, are you arguing that the new evidence exception applies to the rule of mandate, or are you arguing that the rule of mandate doesn't apply here, it's the law of the case, or what? My first argument is that the rule of mandate, well, the rule of mandate always applies. Remember, there's a mandate. But this doesn't, isn't in the mandate. My first argument is that this, if the judge had a role in this issue, it would not have deviated from the mandate. My second argument is that this is considered, would be considered deviation from the mandate. It was authorized to do so. Mr. Olson, we appreciate your argument. If my colleagues have other questions, we'll bring it to a close. Thank you. Thank you, sir. And we thank both counsel. We also thank each of you for traveling to Seattle for the argument, and we appreciated the argument. USB thrasher shall be submitted.
judges: Wallace, Gould, Berzon